```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  MOHAMMED DONZO,                                             :
                                                              :
                                    Plaintiff,                :
                                                              :       21 Civ. 00629 (LGS)
                        -against-                             :
                                                              :       OPINION AND ORDER
  CITY OF NEW YORK, et al.,                                   :
                                    Defendants.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff, a Black male, is a former police officer with the New York City Police Department ("NYPD"). He brings this action alleging employment discrimination and due process violations against Defendants the City of New York (the "City"), former Police Commissioner James P. O'Neill, current Police Commissioner Dermot P. Shea and Sergeant Allison Mullen. The Complaint asserts violations of 42 U.S.C. § 1981, 1983; the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1) ("NYCHRL"). Defendants move to dismiss the Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion is granted in part, and the Court declines to exercise supplemental jurisdiction over the remaining claims.

I. BACKGROUND

The following facts are taken from the Complaint or documents integral to the Complaint and accepted as true only for purposes of this motion. *See Lively v. WAFRA Inv. Advisory Grp., Inc.,* 6 F.4th 293, 305 (2d Cir. 2021) ("[O]n a Rule 12(b)(6) motion [courts may] consider extrinsic material that the complaint "incorporate[s] by reference," that is "integral" to the complaint, or of which courts can take judicial notice.").

Plaintiff is a Black male, whose national origin is Liberian.  Plaintiff began his employment with the NYPD on July 6, 2010.  On around November 14, 2014, he "was placed on Investigative Track Assignment and due for a promotion to detective in or about March 2016."  On around March 2, 2016, Plaintiff received a notice to appear for a GO-15 interview[1] in connection with an NYPD investigation of an incident that had taken place on March 1, 2015.  Plaintiff was accused of unlawfully displaying his police badge and seizing civilian property without authority while off duty during an incident involving his brother (the "Off-Duty Incident").  Plaintiff's promotion was stayed as a result of the investigation.

During a recess of the GO-15 interview on March 2, 2016, Defendant Sergeant Mullen told Plaintiff, "n*****s like you don't belong on this job, and I will make sure you are fired from this job."  Sergeant Mullen conducted the investigation unfairly on account of her racial animus, including "cherry pick[ing] evidence that she pursued," failing to investigate properly potentially exculpatory information and improperly conducting a photo lineup.  The investigative report contained discrepancies, including that "a department witness testified that the alleged culprit displayed a black badge yet the department does not issue black badges," and that a witness "described the weapon displayed as a revolver yet the department does not issue revolvers to ranks of police officer."  "[B]ut for Mullen's racial animus the investigation would have been properly conducted and Donzo exonerated."  The Queens County District Attorney's Office declined to prosecute Plaintiff for his alleged involvement in the Off-Duty Incident.  "Mullen has been known to target Black and Brown officers at a disparate rate compared to White officers accused of similar or even lesser offenses."  The Complaint alleges statements by three

---

[1] "A GO-15 is an interview in connection with allegations of serious misconduct or corruption." *Mullins v. City of New York*, 626 F.3d 47, 50 (2d Cir. 2010); *accord Trujillo v. City of New York*, No. 14 Civ. 8501, 2016 WL 10703308, at *3 n.2 (S.D.N.Y. Mar. 29, 2016).

anonymous, current Black officers describing their experiences of racial discrimination by Sergeant Mullen.

Following the investigation, in December 2017, a departmental hearing was held before Assistant Deputy Commissioner of Trials, David S. Weisel (the "NYPD Hearing").  The NYPD Hearing "was wrought with incidents of unfair treatment."  Specifically, Commissioner Weisel did not intervene when a witness allegedly misrepresented facts known to be untrue and was hostile toward one of Plaintiff's witnesses but not toward any other witnesses.  Also, the NYPD failed to investigate or present evidence at the hearing, resulting in a biased case against Plaintiff.  Following the NYPD Hearing, Commissioner Weisel recommended that Plaintiff be dismissed from the NYPD.  The recommendation was approved by then-Police Commissioner O'Neill on March 15, 2018.  Plaintiff commenced this action on January 25, 2021.

## II.    STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations."  *Dixon v. Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to

3

plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alteration in original); *accord Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 90 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

### III.   DISCUSSION

For the reasons discussed below, Defendants' motion to dismiss is granted as to all claims against Defendants O'Neill, Shea and Mullen, and all federal claims against the City. As discussed below, the Court declines to exercise supplemental jurisdiction over the NYCHRL and NYSHRL claims against the City.

#### A.   Claims Against Defendants O'Neill and Shea

Defendants O'Neill and Shea are dismissed because the claims against them are legally insufficient and in any event were abandoned. Individual liability under § 1983, as well as the NYCHRL and NYSHRL, requires personal involvement in the discriminatory conduct. *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *Kings Park Manor, Inc.*, 992 F.3d at 81 ("[A]n individual defendant may be held liable under the aiding and abetting provision of the NYSHRL if he actually participates in the conduct giving rise to a discrimination claim." (internal quotation marks omitted) (alteration in original)); *Feingold v. New York*, 366 F.3d 138, 158-59 (2d Cir. 2004) (same as to NYSHRL and NYCHRL); *Foster v. Consol. Edison Co. of N.Y., Inc.,* No. 21 Civ. 3570, 2021 WL 4461163, at *1 (S.D.N.Y. Sept. 29, 2021) (same as to NYSHRL and NYCHRL).

The Complaint contains no allegation of personal involvement by either O'Neill or Shea. There is no allegation of any conduct by Shea. The single allegation about O'Neill's conduct is that he ratified the recommendation of the hearing officer that Plaintiff be dismissed from the NYPD.

In his Opposition to Defendants' motion to dismiss, Plaintiff did not oppose Defendants' argument that the claims against former Commissioner O'Neill and Commissioner Shea cannot proceed in the absence of an allegation that they deprived Plaintiff of a federal right. By failing to oppose Defendants' arguments for dismissal of O'Neill and Shea, Plaintiff has abandoned the claims against them. *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (summary order); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 328 (S.D.N.Y. 2018) ("The Failure to oppose a motion to dismiss a claim is deemed abandonment of the claim.") (internal quotation marks omitted). The claims against O'Neill and Shea are dismissed for this additional and independent reason.

### B. Claims against Sergeant Mullen

#### 1. Section 1983, NYSHRL and NYCHRL Claims

The motion to dismiss the § 1983, NYSHRL and NYCHRL claims against Sergeant Mullen is granted because they are time barred. Although the statute of limitations is an affirmative defense, a court "may dismiss a claim on statute-of-limitations grounds at the pleading stage if the complaint clearly shows the claim is out of time." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (internal quotation marks and alteration omitted). Section 1983 claims brought in New York are "subject to a three-year statute of limitations." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). The NYSHRL and NYCHRL also have a three-year statute of limitations. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d

Cir. 2007); *Colon v. City of New York et al,* No. 19 Civ. 10435, 2021 WL 4427169, at *9 (S.D.N.Y. Sept. 26, 2021). A discrimination claim accrues when the discriminatory conduct occurred and the plaintiff had reason to know of it. *Flaherty v. Metromail Corp.,* 235 F.3d 133, 137 (2d Cir. 2000) ("It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct."); *Toussaint v. City of New York*, No. 19 Civ. 1239, 2021 WL 4429316, at *4 (S.D.N.Y. Sept. 27, 2021) (same). Claims that accrued prior to January 25, 2018, three years before this case was filed, are untimely.

Plaintiff's claims against Sergeant Mullen are time barred because they accrued before January 25, 2018. The gravamen of the claims against Sergeant Mullen is that she discriminated against Defendant during the course of her investigation of the Off-Duty Incident. The Complaint accuses her of blatant discriminatory conduct toward Plaintiff in or around March 2016. Accordingly, the claims against Sergeant Mullen accrued in 2016 and are time barred. Although the Complaint also alleges wrongful termination, which occurred within the limitation period, there is no allegation that Sergeant Mullen was involved in the recommendation or approval of Plaintiff's termination. "[T]he proper focus [for calculating the limitations period] is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (internal quotation marks and emphasis omitted).

Plaintiff argues that none of his claims are time barred because the continuing violation doctrine applies. Based on the allegations in the Complaint, the continuing violation doctrine is inapplicable to Sergeant Mullen. Under the continuing violation doctrine, if "a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute

of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (internal alteration and quotation marks omitted), *accord Lucente v. County of Suffolk,* 980 F.3d 284, 309 (2d Cir. 2020). A plaintiff must allege some act of discrimination within the limitations period for the doctrine to apply, whether under federal law, the NYSHRL or NYCHRL.  *See Lucente*, 980 F.3d at 309 ("To trigger the continuing violation doctrine in the context of an Equal Protection claim, a plaintiff must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy.") (internal quotation marks omitted); *Mejia v. T.N. 888 Eighth Ave. LLC Co.*, 95 N.Y.S.3d 168, 170 (1st Dep't 2019) (holding that NYCHRL and NYSHRL discrimination claims were untimely where plaintiff did not specify incidents within the limitations period to constitute a continuing violation).

Here, Sergeant Mullen's investigation took place in 2016 and concluded no later than December 2017, when the hearing following the investigation occurred — per the Complaint and the hearing report which is referenced in, and integral to, the Complaint.  The Complaint's allegations of Mullen's discriminatory conduct are thus limited to 2016 and possibly 2017. There is no allegation that Sergeant Mullen was involved in Plaintiff's termination in 2018. Because the Complaint fails to allege a discriminatory act by Sergeant Mullen within the limitations period -- i.e., on or after January 25, 2018 -- the continuing violation doctrine does not apply, and the claims against Sergeant Mullen are time barred.

    2.  Section 1981 Claim

Plaintiff's § 1981 claim is dismissed because § 1981 does not provide a separate private right of action against state actors.  *Smalls v. Collins*, 10 F.4th 117, 130 (2d Cir. 2021) (affirming dismissal of § 1981 claims against the City and five John Doe police officers because "§ 1983

constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units"); *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (affirming dismissal of § 1981 claim against the City because § 1981 does not provide a private right of action against state actors); *see also Collymore v. City of New York*, 767 F. App'x 42, 45 n.2 (2d Cir. 2019) (concluding that the district court properly construed § 1981 claims against the City and individual defendants as § 1983 claims); *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 284-85 (S.D.N.Y. 2019) (concluding that that *Duplan*'s holding applies to individual defendants).

### C. Claims against the City

#### 1. Federal Claims Against the City

Plaintiff's § 1983 claim is dismissed against the City because the Complaint is facially deficient and Plaintiff has abandoned the claim. Municipalities cannot be liable on a theory of respondeat superior, and can be liable only if a plaintiff asserts a so-called *Monell* claim, alleging that "their official policies cause[d] their employees to violate another person's constitutional rights." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020); *accord Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "To establish a claim for *Monell* liability, [a plaintiff] must show that the [City] had (1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right." *Torcivia v. Suffolk County, New York*, No. 19-4167, 2021 WL 5183543, at *7 (2d Cir. Nov. 9, 2021) (internal quotation marks omitted).

The Complaint does not contain the requisite factual allegations for a *Monell* claim, and Plaintiff previously filed letters that explicitly disclaimed that he is bringing a *Monell* claim. (*See* Dkt. Nos. 25 and 27). Plaintiff's memorandum of law in opposition to the motion to

dismiss does not address Defendants' argument that the Complaint fails to plead a *Monell* claim. Accordingly, the § 1983 claim against the City is dismissed.

The § 1981 claim against the City is also dismissed because, as noted above, § 1981 does not provide a separate private right of action against state actors. *Smalls*, 10 F.4th at 130; *Duplan*, 888 F.3d at 621; *Gonzalez*, 377 F. Supp. at 85.

2. NYSHRL and NYCHRL Claims against the City

Defendants move to dismiss the NYSHRL and NYCHRL claims on the ground that the Complaint fails to plead facts that plausibly support a prima facie case of discrimination under the burden shifting standard applicable to summary judgment motions and inapplicable here. In any event, the Court declines to exercise supplemental jurisdiction over these claims. Federal courts may exercise supplemental jurisdiction over state law claims that are related to federal law claims and arise from the same common nucleus of operative facts. *See* 28 U.S.C. § 1367(a). District courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Vaughn v. Phx. House N.Y., Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly dismissed [the federal] claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his [state law] claims.").

D. Leave to Replead

Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a). "However, where the [party] is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2017 WL 1133446, at *7 (S.D.N.Y. Mar. 24, 2017). Plaintiff may seek leave to replead by November 30, 2021, for the limited purpose of alleging discriminatory conduct by Sergeant Mullen within the statutory period in support of the § 1983 claim.  Plaintiff is not permitted to seek leave to amend any of the other claims discussed above as it would be futile to do so.  Should Plaintiff seek leave to replead, he shall file (1) a letter motion not to exceed two pages, identifying non-time barred conduct and (2) a proposed amended complaint, marked to show changes.  Within seven days of the filing of any such letter motion, Defendant Sergeant Mullen shall file a letter response not to exceed two pages.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART**.  All claims against Defendants O'Neill, Shea and Mullen are dismissed.  All federal claims against the City are dismissed.  The Court declines to exercise supplemental jurisdiction over the NYCHRL and NYSHRL claims against the City.  Plaintiff may seek to replead as set forth above.

The Clerk of Court is respectfully directed to close the motion at Docket Number 42.

Dated: November 23, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE